WILLIAM C. ROUSE et al. v. JOHN C. BOWERS and B. J. AREN-
DELL.

*Assignment—Fraud—Notice—Trustees and Assignees—Judgment.*

1. To avoid an assignment for fraud, it is not necessary that the assignee should have participated in, or had knowledge of, the fraudulent purposes of the assignors.

2. Assignees and trustees, acting in good faith under a conveyance afterwards declared fraudulent and void by judicial decree, will be protected from liability; it is erroneous to enter personal judgment against them upon a verdict establishing the fraudulent intent of their vendors.

CIVIL ACTION, tried before *Womack, J.,* at June Term, 1890, of DURHAM Superior Court.

The defendants tendered the following issues:

1. Was the deed of assignment mentioned in the complaint made with intent to hinder, delay and defraud the creditors of Bowers & Arendell?

2. Did the defendant B. W. Matthews have knowledge at the time of any such intent?

3. What was the value of the property assigned?

His Honor submitted the third issue as tendered by the defendants, and declined to submit the first and second issues

so tendered, and the defendants excepted to the refusal to submit the issue tendered by them, and also to the issue submitted by the Court, which was:

"Was the deed of assignment of Bowers & Arendell, mentioned in the complaint, made with the intention to hinder, delay or defraud the creditors of Bowers & Arendell?"

His Honor charged the jury that if they should find that the deed was made with a fraudulent intent, it being a voluntary conveyance for the alleged benefit of creditors, it was immaterial whether the defendant Matthews knew of or participated in the fraudulent intent; to which charge the defendants excepted.

There was a verdict for the plaintiffs, and the plaintiffs tendered the judgment set out in the record, to which the defendant Matthews objected because the word "trustee" was omitted after the name of B. W. Matthews in the judgment, and that the judgment should be against him as trustee, and not against him personally. The judgment was signed by the Court, and the defendants excepted.

From judgment rendered the defendants appealed.

*Messrs. J. S. Manning* and *W. W. Fuller*, for plaintiffs.
*Messrs. J. W. Graham* and *June Parker*, for defendants.

SHEPHERD, J.: The disjunctive form of the first issue may be open to criticism, but, as the charge of his Honor made the presence of a fraudulent intent a prerequisite to an affirmative finding, we cannot see how the defendants were prejudiced. The exceptions in this respect must, therefore, be overruled. Neither do we find any error in the refusal of the Court to submit the second issue tendered by the defendants, as it is immaterial, in a case like this, whether the assignee knew of or participated in the fraudulent intent of the assignors. This is well established by the case of *Woodruff* v. *Bowles*, 104 N. C., 198, in which the subject is elaborately considered in the opinion of Mr. Justice AVERY.

The same authority also sustains the charge of the Court upon the question of intent. We have very carefully considered the other exceptions taken during the course of the trial, and as they involve but the plain application of well established principles, it will be sufficient to say that we are of the opinion that they are without merit and should be overruled. We think, however, that there was error in the judgment as to the defendant Matthews. This defendant occupied the position of trustee, and there is no finding that he knew of the fraudulent purpose of his assignor. Indeed, the issue presented by him, involving this very question, was rejected at the instance of the plaintiffs. All that appears is the value of the property and the admission of said defendant that he took it in charge under the terms of the trust. We do not understand how a personal judgment could have been rendered upon these facts alone. For aught that we know, the stock of goods may have been honestly sold under the terms of the trust for less than its value at the time of the assignment, and the assignee may have exhausted the proceeds in the payment of the debts and charges as directed in the deed of assignment. Now, if all this was done before the commencement of this action, or before notice of the fraud, the assignee would have been protected; yet, a personal judgment for the whole amount due the plaintiffs was rendered without any inquiry in respect to these important particulars. The views which we have indicated are supported by Burwell in his Work on Assignments, 461. He says: "It is a further and important rule under this head that assignees and trustees, acting in good faith under an assignment or other instrument which is afterwards declared void by judicial decree, will be protected from liability, and their acts under such instrument will be ratified and confirmed. Thus, in New York it has been repeatedly held that assignees acting under a fraudulent assignment will not be held accountable for proceeds of the assigned property which

they have actually paid over to *bona fide* creditors of the assignor, in pursuance of the assignment, before any other creditors have obtained a lien." For the above reasons, the judgment should be set aside and further proceedings be had, looking to an adjustment of the rights of the parties.

Judgment modified.